UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM DEL TORO,

    Petitioner,

v.                                                  Case No. 8:15-cv-1642-T-36AEP

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

**ORDER**

Petitioner William Del Toro, a Florida inmate, filed an amended petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his Hillsborough County convictions. Respondent agrees that the amended petition is timely. (Dkt 10). Del Toro did not file a reply. Upon consideration, the petition will be DENIED.

**Procedural History**

Del Toro was convicted after a jury trial of sexual battery on a person less than 12 years of age (count one) and lewd or lascivious molestation on a person less than 12 years of age (count two). (Dkt. 13, Ex. 2, pp. 146-47). He was sentenced to life imprisonment on count one and 30 years' imprisonment on count two. (*Id.*, pp. 163-65). The state appellate court *per curiam* affirmed the judgment and sentences. (Dkt. 13, Ex. 9). The state appellate court also *per curiam* affirmed the denial of Del Toro's motion and amended motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. (Dkt. 13, Exs. 12, 13, 15, 19, 21).

**Standard Of Review**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") governs this proceeding. *See Penry v. Johnson*, 532 U.S. 782, 792 (2001). Habeas relief can only be granted if a petitioner is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Section 2254(d) provides that federal habeas relief cannot be granted on a claim adjudicated on the merits in state court unless the state court's adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor,* 529 U.S. 362, 412-13 (2000). A decision is an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413.

The AEDPA was meant "to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002). Accordingly, "[t]he focus . . . is on whether the state court's application of clearly established federal law is objectively unreasonable, and . . . an unreasonable application is different from an incorrect one." *Id.* at 694. *See also Harrington v. Richter*, 562 U.S. 86, 103 (2011) ("As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's

ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.").

The state appellate court affirmed the denial of postconviction relief in a *per curiam* decision. This decision warrants deference under § 2254(d)(1) because "the summary nature of a state court's decision does not lessen the deference that it is due." *Wright v. Moore,* 278 F.3d 1245, 1254 (11th Cir. 2002). *See also Richter,* 562 U.S. at 99 ("When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary.").

**Exhaustion Of State Court Remedies; Procedural Default**

A federal habeas petitioner must exhaust his claims for relief by raising them in state court before presenting them in his petition. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition.").

The requirement of exhausting state remedies as a prerequisite to federal review is satisfied if the petitioner "fairly presents" his claim in each appropriate state court and alerts that court to the federal nature of the claim. *Picard v. Connor*, 404 U.S. 270, 275-76 (1971). "If the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is established." *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001).

**Ineffective Assistance Of Counsel**

Claims of ineffective assistance of counsel are analyzed under *Strickland v. Washington*, 466 U.S. 668 (1984). Del Toro must demonstrate that his counsel performed deficiently in that "counsel's

representation fell below an objective standard of reasonableness." *Id.* at 687-88. However, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.*

Del Toro must also show that he suffered prejudice by demonstrating "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. Obtaining relief on a claim of ineffective assistance of counsel is difficult because federal habeas review is "doubly" deferential to counsel's performance and the state court's decision. *Richter*, 562 U.S. at 105. Accordingly, "[w]hen § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.*

**Discussion**

Ground One

Del Toro alleges that trial counsel was ineffective in failing to move to suppress his statements to police, which were introduced through Detective Jacqueline Potenziano's testimony. He claims that his statements should have been suppressed because the State offered no independent evidence to corroborate Detective Potenziano's testimony. He contends that counsel did not realize the State intended to introduce his statements because counsel failed to conduct sufficient discovery and research. This claim is unexhausted because Del Toro did not present it in his postconviction motions. (Dkt. 13, Ex. 12, pp. 42-44; Ex. 13, pp. 67-69). As Del Toro cannot return to state court to raise the claim in an untimely postconviction motion, *see* Fla. R. Crim. P. 3.850(b), the claim is procedurally

representation fell below an objective standard of reasonableness." *Id.* at 687-88. However, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.*

Del Toro must also show that he suffered prejudice by demonstrating "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. Obtaining relief on a claim of ineffective assistance of counsel is difficult because federal habeas review is "doubly" deferential to counsel's performance and the state court's decision. *Richter*, 562 U.S. at 105. Accordingly, "[w]hen § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.*

**Discussion**

Ground One

Del Toro alleges that trial counsel was ineffective in failing to move to suppress his statements to police, which were introduced through Detective Jacqueline Potenziano's testimony. He claims that his statements should have been suppressed because the State offered no independent evidence to corroborate Detective Potenziano's testimony. He contends that counsel did not realize the State intended to introduce his statements because counsel failed to conduct sufficient discovery and research. This claim is unexhausted because Del Toro did not present it in his postconviction motions. (Dkt. 13, Ex. 12, pp. 42-44; Ex. 13, pp. 67-69). As Del Toro cannot return to state court to raise the claim in an untimely postconviction motion, *see* Fla. R. Crim. P. 3.850(b), the claim is procedurally

defaulted. *See Smith*, 256 F.3d at 1138. Del Toro does not demonstrate that an exception applies to overcome the default.

Notwithstanding the default, Del Toro fails to establish entitlement to relief. Florida law provides a hearsay exception for a party's admissions. § 90.803(18), Fla. Stat. But this law does not require the admissions to be corroborated by independent proof, *see id.*, and Del Toro has not cited any authority to support his contention. Additionally, his claim that counsel was unaware that the prosecution would introduce the statements is entirely speculative. *See, e.g.,Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992) ("Conclusory allegations of ineffective assistance are insufficient." (quotation marks and citation omitted)); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) (vague, conclusory, or unsupported allegations cannot support an ineffective assistance of counsel claim). Further, the record indicates that co-counsel was prepared to cross-examine Detective Potenziano about Del Toro's statements. (Dkt. 23, pp. 304-13, 319-21). Del Toro has not shown that counsel was ineffective in failing to move to suppress his statements or that he was prejudiced by counsel's conduct.

Within Ground One, Del Toro addresses his *Miranda* warnings. Accordingly, his claim is liberally interpreted as raising the claim presented in ground one of his postconviction motion. There, Del Toro argued that counsel was ineffective in not seeking to suppress his statements to police because his *Miranda* warnings were insufficient. He alleged that he was provided the Tampa Police Department's standard warnings, which Florida courts later found inadequate to inform suspects of their right to counsel during questioning.[1] The state court denied this claim:

> After reviewing the allegations, the court file, and [sic] the Court finds Defendant's

---

[1] "[W]e hold that an individual held for interrogation must be clearly informed that he has the right to consult with a lawyer and to have the lawyer with him during interrogation." *Miranda v. Arizona*, 384 U.S. 436, 471 (1966).

> allegations are facially insufficient, as he failed to allege prejudice. In *Powell v. State*, 969 So. 2d 1060, 1064-65 (Fla. 2d DCA 2007), the Second District Court of Appeal held that *Miranda* warnings given to defendant failed to adequately inform him of his constitutional right to have an attorney present throughout interrogation. This decision was affirmed by the Florida Supreme Court in *State v. Powell*, 998 So. 2d 531 (Fla. 2008). However, in *Florida v. Powell*, 130 S.Ct. 1195, 1204-05 (2010), the Supreme Court of the United States reversed the decision of the Florida Supreme Court, holding that the form of *Miranda* warnings given by city police officers to the suspect reasonably conveyed to the suspect that the right to counsel applied "during" interrogation. Because Defendant alleges he was given the same *Miranda* warnings at issue in *Powell*, and the United States Supreme Court held the *Miranda* warnings given in *Powell* reasonably conveyed to the suspect his constitutional right to have an attorney, Defendant has failed to allege prejudice. . . . Accordingly, Defendant is not entitled to any relief on claim one.

(Dkt. 13, Ex. 21, p. 21).

The Second District Court of Appeal did not invalidate the Tampa Police Department's standard *Miranda* warnings until October 2007, after Del Toro's March 2007 trial. *See Powell v. State*, 969 So. 2d 1060 (Fla. 2d DCA 2007). Therefore, it would have appeared to counsel that the warnings were constitutionally adequate at the time she could have filed a motion to suppress. Further, as the state court addressed, the warnings were approved by the United States Supreme Court. *Florida v. Powell*, 559 U.S. 50 (2010). Accordingly, Del Toro has not shown that the state court's decision involved an unreasonable application of *Strickland*, or was based on an unreasonable determination of fact. Del Toro is not entitled to relief on Ground One.

Ground Two

Del Toro claims that counsel was ineffective in eliciting information about his prior convictions. The victim was Del Toro's daughter, who alleged that Del Toro sexually battered her when she was in second grade. In his amended postconviction motion, Del Toro cited the following portion of counsel's cross-examination of the victim's mother:

Page 6 of 17

Q. One of the reasons why there was a long period of time after E.D.C. [the victim] was born which you didn't live with Mr. Del Toro is because he was in prison, is that right?

A. Yes.

Q. And are you aware of the nature of the crimes for which he was incarcerated?

A. Yes.

Q. What were they?

A. Aggravated assault, I believe there was also an assault on law enforcement officers.

Q. Right. It was batteries, fighting, hitting people, bar fights things like that, right?

A. Yes.

Q. He was a fighter, he was a scrapper?

A. Yes.

Q. He got in trouble a lot for doing that?

A. He did.

Q. During the time that - - my understanding is that when E.D.C. was very young, still what I would characterize as an infant is when Mr. Deltoro went to prison for some of the things we just talked about; correct?

A. Yes.

(Dkt. 23, pp. 245-46).

The state court denied Del Toro's ineffective assistance claim after an evidentiary hearing:

After reviewing the allegations, the court file, and the record, and after considering the testimony and evidence presented at the July 8, 2013 evidentiary hearing, the Court finds the testimony of Defendant's trial counsel . . . to be credible and finds that Defendant has not demonstrated deficient performance. At the evidentiary hearing, [counsel] testified that eliciting testimony about Defendant's prior incarceration would have been a tactical decision and that it was her practice to discuss all tactical decisions with her clients, although she could not specifically [sic] such a conversation with Defendant. [Counsel] testified that she was trying to paint a picture

> for the jury as to the victim's home life, trying to show that Defendant was not consistently in the victim's life, and trying to show that any number of males could have been the perpetrator. She testified that she was attempting to show her client as a "scrapper" or a "fighter" instead of someone who could have committed these particular crimes.
>
> Defendant, on the other hand, testified that he did not discuss this issue with [counsel]. He testified that the reason he chose not to testify was because he did not want this information before the jury.
>
> A review of the record supports [counsel's] testimony and refutes Defendant's testimony. At the start of trial, the State moved to exclude certain information about Defendant's prior incarceration. The record shows that [counsel] was *not* asking for the information to be excluded because she wanted to show that the victim's mother was having sexual relationships with several men resulting in the possibility that the victim could have been abused by someone other than Defendant. Indeed the record demonstrates that [counsel] tried to paint this picture throughout the trial, which supports her testimony at the evidentiary hearing. The record also shows that Defendant made his final decision to not take the stand well after counsel had elicited the complained-of testimony. Thus, the Court finds [counsel's] testimony more credible than Defendant's testimony as it is consistent with the record. As such, no relief is warranted.

(Dkt. 13, Ex. 15, pp. 166-67) (court's record citations omitted) (emphasis in original).

The state court's determination that counsel was credible is a finding of fact that is presumed to be correct. Del Toro has not rebutted this presumption by clear and convincing evidence. *See Rolling v. Crosby*, 438 F.3d 1296, 1301 (11th Cir. 2006) ("The factual findings of the state court, including the credibility findings, are presumed to be correct unless [the petitioner] rebuts the presumption by clear and convincing evidence." (citing 28 U.S.C. § 2254(e)(1))). *See also Rice v. Collins*, 546 U.S. 333, 341-42 (2006) ("Reasonable minds reviewing the record might disagree about the [witness's] credibility, but on habeas review that does not suffice to supersede the trial court's credibility determination"); *Baldwin v. Johnson*, 152 F.3d 1304, 1316 (11th Cir. 1998) ("We must accept the state court's credibility determination and thus credit [the attorney's] testimony over the petitioner's."); *Devier v. Zant*, 3 F.3d 1445, 1456 (11th Cir. 1993) ("Findings by the state court

concerning historical facts and assessments of witness credibility are . . . entitled to the same presumption accorded findings of fact under 28 U.S.C. § 2254(d).").

Testimony that the court found credible reflects that Del Toro agreed with counsel's strategy to bring out his criminal history.[2] As the state court noted, counsel testified that "as a matter of practice . . . I don't make any tactical decisions without discussing it what [sic] a client and getting their agreement." (Dkt. 13, Ex. 14, p. 251). More specifically, she stated:

> In a case like this where the penalties are so severe I would not have proceeded on a particular tactic had my client not agreed with me. I can tell you that in this instance we thought that it made more sense for the jury to know where he had been when he had not been in the child's life, that I was attempting to paint a picture of what kind of family life overall had been going on with the victim in that case that, while Mr. Deltoro was in prison, there were allegations that the victim's mother slept around; that she, in fact, even had some sort of relationship with a sibling of Mr. Deltoro's; that she visited Mr. Deltoro and brought the child to prison to see him. It was a picture that I was attempting to paint for the jury so that they would have a clear view of the way this child was raised and why there was such a great possibility that any number of other males could have been the perpetrator in this case.

(*Id.*, pp. 251-52).[3]

With respect to eliciting the nature of his prior convictions, counsel testified, "I was clearly attempting to paint him as a person was [sic] not a saint but who would never engage in this kind of activity because I referred to him, during the course of that examination of the witness, as a scrapper." (*Id.*, p. 254). While agreeing that she had no specific recollection or notes, counsel testified that she believed "it was probably something we discussed." (*Id.*, p. 255).

Del Toro does not show that counsel was ineffective in pursuing this strategy. "The inquiry

---

[2] Del Toro claims that counsel disregarded a ruling on a motion in limine that was filed to exclude information about his criminal history. The record on direct appeal does not reveal a motion in limine concerning this information. However, on the morning of trial, the prosecutor told the court, "I'm going to advise all the witnesses and we're in agreement about that, obviously, to not mention" Del Toro's criminal history. (Ex. 3, Vol. II, p. 7).

[3] Counsel elicited trial testimony about the victim's upbringing. (Dkt. 23, p. 247).

into whether a lawyer has provided effective assistance is an objective one: a petitioner must establish that no objectively competent lawyer would have taken the action that his lawyer did take." *Van Poyck v. Fla. Dep't of Corr.*, 290 F.3d 1318, 1322 (11th Cir. 2002). Counsel will be deemed ineffective in making a tactical decision "only if it was so patently unreasonable that no competent attorney would have chosen it." *Dingle v. Sec'y, Dep't of Corr.*, 480 F.3d 1092, 1099 (11th Cir. 2007). Del Toro fails to show that no competent attorney would have chosen the strategy that counsel chose. Nor has he established a reasonable probability that the outcome of the trial would have been different had counsel not undertaken this strategy. Accordingly, Del Toro has not established that the state court's rejection of his claim involved an unreasonable application of *Strickland* or was based on an unreasonable determination of fact. Del Toro is not entitled to relief on Ground Two.

Ground Three

The victim alleged that the sexual activity occurred when she was in second grade. She did not report it to police until she was in high school, when she was arrested for possession of a knife and was taken to a juvenile facility referred to as the JAC Center. When asked during background questioning whether she had ever been molested, she disclosed the sexual activity. A JAC Center employee directed her to call the Florida Department of Children and Families ("DCF") hotline. As a consequence, the Hillsborough County Sheriff's Office and Tampa Police Department were notified. Detective Potenziano testified about the victim's disclosure:

> Q. Okay. And did [the victim] tell you that she had been arrested at school because she had a knife in her backpack?
>
> A. She did tell me.
>
> Q. And that when she went there a person told her she had to answer questions

truthfully, including a question about whether she had been molested?

A. She went to the JAC Center. And we get reports from there every now and then because they pointedly ask children that come in those questions.

Q. And she told you that's how DCF and the Hillsborough County Sheriff's Office had gotten involved?

A. She told me and I knew that from the information I was given.

(Dkt. 23, p. 332).

Del Toro argues that counsel was ineffective in failing to object because the introduction of the victim's disclosure through Detective Potenziano's testimony violated *Crawford v. Washington*, 541 U.S. 36 (2004).[4] Del Toro raised this claim in ground five of his first postconviction motion, alleging that counsel's failure resulted in a violation of his Sixth Amendment right to confrontation. (Dkt. 13, Ex. 12, pp. 51-52). However, he failed to exhaust his state remedies because he did not raise this specific claim on collateral appeal. (Dkt. 13, Ex. 17, pp. 10-13). *See Leonard v. Wainwright*, 601 F.2d 807, 808 (5th Cir. 1979) ("In Florida, exhaustion usually requires not only the filing of a Rule 3.850 motion, but an appeal from its denial."). On collateral appeal, Del Toro claimed that counsel should have argued that Detective Potenziano's testimony was inadmissible under Florida law. (*Id.*, p. 13). Del Toro cannot return to state court to file a second collateral appeal. *See* Fla. R. Crim. P. 3.850(k) (a defendant may appeal an order disposing of a postconviction motion within 30 days of the order's rendition). Therefore, his claim is procedurally defaulted. *See Smith*, 256 F.3d at 1138. Del Toro does not contend or show that either the cause and prejudice or fundamental miscarriage of justice exception applies to overcome the default.

---

[4] Del Toro does not specify which witness's testimony counsel should have challenged. His postconviction motion referred to testimony of state witnesses Detective Potenziano and Mark Townsend. As Townsend did not testify about the victim's disclosure (Dkt. 23, pp. 333-57), Del Toro's claim is interpreted as alleging that counsel should have objected to Detective Potenziano's testimony.

Notwithstanding the default, Del Toro does not show entitlement to relief. Although the state postconviction court did not expressly address this claim, which was raised as a part of ground five of the postconviction motion, the court is presumed to have denied the argument on the merits. *See Richter*, 562 U.S. at 99. Del Toro does not show that the denial of relief involved an unreasonable application of *Strickland* or was based on an unreasonable determination of fact.

In *Crawford*, the Supreme Court held that the Confrontation Clause permits "[t]estimonial statements of witnesses absent from trial . . . only where the declarant is unavailable, and only where the defendant has had a prior opportunity to cross-examine." *Crawford*, 541 U.S. at 59. First, Del Toro has not established that the victim's disclosure was testimonial, as it was made in response to background questioning when she was arrested for matters unrelated to the sexual activity. *See id.* at 52 (testimonial statements include those "made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial."); *Davis v. Washington*, 547 U.S. 813, 822 (2006) (statements are testimonial when "circumstances objectively indicate that . . . the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution.").

But even if the victim's disclosure was testimonial, its admission through Detective Potenziano's testimony was not barred under *Crawford*. "[W]hen the declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of his prior testimonial statements." *Crawford*, 541 U.S. at 59 n.9. The victim testified at trial and was cross-examined about her disclosure at the JAC Center. (Dkt. 13, Ex. 3, Vol. III, pp. 208-10). Therefore, Del Toro fails to show that counsel was ineffective in not objecting. Del Toro is not entitled to relief on Ground Three.

Ground Four

Del Toro alleges a due process violation. He claims that the jury instructions and verdict form were inconsistent with the charging information, "ultimately taking the burden off the prosecution" to prove the victim's age. (Dkt. 4, p. 14).[5] He further argues that the State failed to prove that the victim was less than 12 years old because her testimony that she was under the age of 12 was not "material evidence" of her age. (*Id.*, p. 15).

Del Toro did not exhaust this claim by raising it on direct appeal. (Dkt. 13, Exs. 5, 6). State procedural rules do not provide for second direct appeals. *See* Fla. R. App. P. 9.140(b)(3) (a defendant wishing to appeal a final judgment must do so within "30 days following rendition of a written order imposing sentence."). Therefore, the claim is procedurally defaulted. *See Smith*, 256 F.3d at 1138. Del Toro does not argue or establish that an exception applies to overcome the default.

Notwithstanding the default, Del Toro does not show that the State was relieved of its burden of proof or presented insufficient evidence of the victim's age in violation of due process. The trial

---

[5] Count two of the charging document alleged lewd and lascivious molestation of a person 12 years of age or older but younger than 16 years of age. (Dkt. 13, Ex. 2, p. 11). However, the charge concerned activity that occurred when the victim was less than 12 years old. This matter was addressed prior to jury selection:

[STATE]: Before you read it. Information is incorrect. It is victim less than 12 in Count II.

THE COURT: Okay. Appreciate that.

[STATE]: And I'm trying to redo that now.

THE COURT: Any problems with me writing on this? Any problem with me writing on the information now?

[COUNSEL]: I don't care.

[STATE]: He can be arraigned.

THE COURT: I'll just remember.

(Dkt. 13, Ex. 3, Vol. II, p. 14).

court instructed the jury that the State must prove the offenses beyond a reasonable doubt. (Dkt. 23, pp. 392-93, 395). The jury is presumed to have followed this instruction. *See Brown v. Jones*, 255 F.3d 1273, 1280 (11th Cir. 2001) ("We have stated in numerous cases . . . that jurors are presumed to follow the court's instructions."). Therefore, in specifically finding that the victim was under the age of 12, the jury determined that the State met its burden of proving her age. (Dkt. 13, Ex. 2, p. 147).

In federal habeas proceedings, a petitioner's challenge to the sufficiency of the evidence will provide relief "if it is found that upon the record evidence adduced at trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 324 (1979). As Del Toro admits, the victim testified that she was under the age of 12 when the sexual activity occurred. (Dkt. 13, Ex. 3, Vol. III, p. 179). The victim is presumed to have been competent to testify. *See* § 90.601, Fla. Stat. And she offered direct evidence about her age at the time of the offenses. *See, e.g., Kocaker v. State*, 119 So.3d 1214, 1224 (Fla. 2013) ("Direct evidence is evidence which requires only the inference that what the witness said is true to prove a material fact." (citation omitted)). Del Toro does not cite any authority supporting his contention that the State was required to corroborate the victim's testimony with independent evidence. Accordingly, Del Toro fails to establish that no rational trier of fact could have found him guilty beyond a reasonable doubt because of insufficient evidence about the victim's age. He is not entitled to relief on Ground Four.

Ground Five

Del Toro argues that trial counsel was ineffective in failing to convey an eight-year plea offer to him. This claim is unexhausted because Del Toro did not raise it in his postconviction motions. (Dkt. 13, Exs. 12, 13). Acknowledging the lack of exhaustion and resulting procedural default, Del Toro alleges that he has established the cause and prejudice exception under *Martinez v. Ryan*,

566 U.S. 1 (2012). Ineffective assistance of postconviction counsel generally does not constitute cause to overcome a procedural default. *See Coleman v. Thompson*, 501 U.S. 722, 752-55 (1991). *Martinez* recognizes a narrow, equitable exception to this rule:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Martinez*, 566 U.S. at 17.

"To overcome the default, a prisoner must . . . demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." *Id.* at 14. *See also Duffy v. Sec'y, Dep't of Corr.*, No. 16-11756, 2018 WL 1061380 at *1 (11th Cir. Feb. 27, 2018) ("A defaulted claim is substantial if the resolution of its merits would be debatable among jurists of reason." (citing *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003))).

Del Toro's defaulted claim of ineffective assistance of trial counsel is not substantial. First, the claim is vague and conclusory. Del Toro presents no evidence that the State in fact made an eight-year offer, nor does he explain under what circumstances he learned that counsel failed to communicate such an offer to him. *See, e.g.,Wilson*, 962 F.2d at 998; *Tejada*, 941 F.2d at 1559.

Further, Del Toro cannot demonstrate prejudice. To establish prejudice as a result of ineffective assistance when a plea offer has lapsed, a petitioner must "demonstrate a reasonable probability the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it, if they had the authority to exercise that discretion under state law." *Missouri v. Frye*, 566 U.S. 134, 147 (2012).

Del Toro has not shown a reasonable probability that the trial court would have accepted a

plea for an overall term of eight years. He was charged in count one with violating § 794.011(2), Fla. Stat., by committing sexual battery on a person less than twelve years old. (Dkt. 13, Ex. 2, p. 11). Section 794.011(2)(a) provides that "[a] person 18 years of age or older who commits sexual battery upon . . . a person less than 12 years of age commits a capital felony, punishable as provided in ss. 775.082 and 921.141." Section 775.082(1)(a), Fla. Stat., provides that a person convicted of a capital felony who is not sentenced to death "shall be punished by life imprisonment." Therefore, a conviction for sexual battery on a victim less than 12 years old carried a mandatory sentence of life imprisonment.[6] Accordingly, Del Toro has not shown that the sentencing court had the authority to impose an eight-year sentence.[7] "A court cannot impose an illegal sentence pursuant to a plea bargain, nor may a defendant agree to an illegal sentence as part of that bargain." *Blanchette v. State*, 620 So. 2d 258, 259 (Fla. 1st DCA 1993) (citing *Williams v. State*, 500 So.2d 501, 503 (Fla. 1986) and *Danzy v. State*, 603 So.2d 1320, 1322 (Fla. 1st DCA 1992)). *See also State v. Mease*, 200 So.3d 161, 162 (Fla. 5th DCA 2016) ("[T]he trial court lacks discretion to sentence a defendant below the mandatory minimum."); *State v. Vanderhoff*, 14 So.3d 1185, 1186 (Fla. 5th DCA 2009) ("[T]he trial court was without authority to waive the twenty-year minimum mandatory sentence mandated by statute.").

Del Toro fails to demonstrate that his defaulted claim of ineffective assistance of trial counsel is substantial. Consequently, he has not established cause and prejudice to overcome the procedural

---

[6] Section 921.141, Fla. Stat., sets out procedures for determining the sentence of death or life imprisonment for capital felonies. Sexual battery of a child under the age of twelve, while statutorily designated a capital felony, is ineligible for the death penalty. *See Buford v. State*, 403 So.2d 943, 950-51 (Fla. 1981).

[7] Del Toro does not allege that the offer involved his pleading to a lesser charge for which an eight-year sentence was permissible under Florida law.

default of Ground Five.[8]

Any of Petitioner's claims not addressed in the Order have been determined to be without merit.

It is therefore **ORDERED** that:

1. Del Toro's amended petition for writ of habeas corpus (Dkt. 4) is **DENIED**.

2. The Clerk is directed to enter judgment against Del Toro and to close this case.

3. Del Toro is not entitled to a certificate of appealability ("COA"). A petitioner does not have absolute entitlement to appeal a district court's denial of his habeas petition. 28 U.S.C. § 2253(c)(1). A COA must first issue. *Id.* "A [COA] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Del Toro "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Del Toro has not made this showing. Because Del Toro is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

**ORDERED** in Tampa, Florida, on April 27, 2018.

Charlene Edwards Honeywell
United States District Judge

Copies to:
William Del Toro
Counsel of Record

---

[8] Del Toro does not allege or demonstrate that the fundamental miscarriage of justice exception applies.